UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 01-206(8) JMR/RLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TUAN MINH LE,<br><br>Defendant,<br><br>ADMINISTAFF,<br><br>Garnishee. | STIPULATION<br>FOR FINAL ORDER<br>IN GARNISHMENT |

The parties, the United States of America, the defendant Tuan Minh Le, and the garnishee Administaff, agree and stipulate as follows:

1. The defendant resides at XXXX XXXX XXXXXX X, Minneapolis, MN 55411, and has a social security number of XXX-XX-6158.

2. A judgment was entered against the defendant in this action in the amount of $10,975.99 plus penalties and costs. A total balance due on the judgment is $8,694.38 as of January 21, 2005.

3. The garnishee, whose address is 4600 Regent Blvd., Suite 100, Irving, TX 75063, has in its possession, custody or control, property of the defendant in the form of wages paid to the defendant.

4. The defendant waives his right to a hearing under Section 3206 of the Federal Debt Collection Procedures Act of 1990 (FDCPA), 28 U.S.C. § 3205 and any other process to which the defendant may

be entitled under the FDCPA.

5. The garnishee waives being heard in this matter and any other process to which the garnishee may be entitled under the FDCPA.

6. The defendant agrees and stipulates that his wages are subject to garnishment under 28 U.S.C. § 3205 and expressly agrees and stipulates that the entry of a Final Order in Garnishment is proper.

7. The parties therefore agree and stipulate to entry of a Final Order in Garnishment against all the non-exempt wages of the defendant. It is expressly agreed and stipulated to by the parties that the garnishee shall pay to the United States the sum of ~~15%~~ 12% per pay period, which shall be withheld from the wages owed to the defendant.

8. These sums are to be applied upon the judgment rendered in this case. These payments are continuing. However, after a period of one year the defendant shall submit additional financial information to the plaintiff, and the agreed garnishment amount may be increased.

9. Checks should be made payable to the U.S. Clerk of Court and mailed to 202 U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415.

10. The plaintiff shall not pursue administrative offsets, including that by the Internal Revenue Service, for so long as the defendant is current on the monthly payments described at paragraph

7 above. In the event the defendant fails to provide current monthly payments or otherwise fails to comply with this order, the plaintiff shall be entitled to pursue administrative offsets, including those by the Internal Revenue Service and the defendant specifically consents to the offset. Any payments applied to this claim by the Internal Revenue Service as a result of tax return offsets will be credited as a payment to the existing balance and will not be included as part of the periodic payments, nor will it affect the periodic payments.

11. The defendant can at any time request an accounting of the funds garnished. However, the defendant hereby knowingly waives any rights that defendant might have under 28 U.S.C. §3205(c)(9) to any automatic accounting.

Dated: 2-25-04

THOMAS B. HEFFELFINGER
United States Attorney

M. Trippler

BY: MARY L. TRIPPLER
Assistant U.S. Attorney
Attorney I.D. No. 110887
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5600

Dated: 2-25-05

TUAN MINH LE
Defendant

Dated:

Administaff Representative
Garnishee